**SIGNED THIS: December 07, 2006**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                           )
                                                 )
DAVID A. GARRETT and                             )   Bankruptcy Case No. 06-90674
RAPHAELLA M. GARRETT,                            )
                                                 )
                    Debtor.                      )

OPINION

This matter having come before the Court on a Motion for an Order Imposing the Stay as to all creditors pursuant to §362(c)(3)(B) and Farmers-Merchants National Bank's Objection to Debtors' Motion for an Order Imposing the Stay; the Court, having heard sworn testimony, arguments of counsel, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in serious dispute and are, in pertinent part, as follows:

1. The Debtors in the instant bankruptcy proceeding originally filed for relief under Chapter 13 of the Bankruptcy Code on June 20, 2003, in Case No. 03-92167.

2. The Debtors' Chapter 13 Plan, in Case No. 03-92167, was confirmed on September 18, 2003, and contained a provision whereby the Debtors were to pay Creditor, Farmers-Merchants National Bank directly for current first and second mortgage payments as they came due, and that the Trustee was to pay the sum of $4,810.95, for pre-petition arrearages on the first and second mortgages to Farmers-Merchants National Bank.

3. During the course of Case No. 03-92167, the Debtors experienced difficulties in making payments. As a result, a post-petition arrearage developed as to Creditor, Farmers-Merchants National Bank. The Debtors then filed an Amended Plan on May 23, 2005, in which the Debtors sought to cure not only the pre-petition arrearages to the Bank, but also post-petition arrearages which had developed.

4. On June 22, 2005, the Debtors' Amended Plan, in Case No. 03-92167, was confirmed as filed.

5. On January 13, 2006, Creditor, Farmers-Merchants National Bank, filed a Motion for Relief from the Automatic Stay based upon the Debtors' on-going difficulties in making payments. In response to this motion, the Debtors sought to borrow money to re-finance the debt to the Bank. The Debtors were unsuccessful in obtaining refinancing, and, as a result, on March 13, 2006, an order was entered granting the Motion for Relief from Stay of Farmers-Merchants National Bank.

6. Despite difficulties in making payments, the Debtors continued in their efforts to re-finance the debt with Farmers-Merchants National Bank up until May 12, 2006, when an order was entered dismissing the Debtors' case, pursuant to the Trustee's Motion to Dismiss. At that point in time, the Debtors had been unsuccessful in re-financing their debt with Farmers-Merchants National Bank, and had also been unsuccessful in making their payments to the Chapter 13 Trustee.

7. The instant Chapter 13 bankruptcy case was filed by the Debtors on July 8, 2006, with the Debtors, once again, attempting to cure arrearages to Farmers-Merchants National Bank and to begin making current monthly payments as they came due.

8. On July 27, 2006, some 19 days after filing for relief in the instant case, the Debtors filed their Motion for an Order Imposing the Stay as to all creditors pursuant to §362(c)(3)(B).

9. On August 7, 2006, Creditor, Farmers-Merchants National Bank, filed its objection to the Debtors' Motion for an Order Imposing the Stay. A final hearing was held on Debtors' Motion and the Bank's Objection on October 10, 2006.

10. At the close of hearing on October 10, 2006, the Court granted the parties' requests to file their closing arguments in writing. Having received those closing arguments, the Court finds that the matter is now ripe for decision.

## Conclusions of Law

The parties agree that this matter is controlled by 11 U.S.C. §362(c)(3). Section 362(c)(3)(B) allows for continuation of the automatic stay beyond the 30 day period prescribed in §362(c)(3)(A), if four minimum requirements are met: (1) a motion is filed requesting that the automatic stay continue; (2) there is a notice and a hearing on the motion; (3) the hearing is completed before the expiration of the 30 day stay prescribed in §362(c)(3)(A); and (4) the debtor proves that the filing of the new case "is in good faith as to the creditor to be stayed." In re Montoya, 342 B.R. 312 (Bankr. S.D. Cal. 2006); In re Charles, 332 B.R. 538 (Bankr. S.D. Tex. 2005). The parties also agree that, pursuant to 11 U.S.C. §362(c)(3)(C), the instant case is presumptively filed not in good faith as to Creditor, Farmers-Merchants National Bank as a result of the dismissal of the Debtors' prior Chapter 13 case, wherein stay relief had been granted to Farmers-Merchants National Bank. The parties further agree that, pursuant to 11 U.S.C. §362(c)(3)(C), the presumption that the instant case was not filed in good faith may be rebutted by the Debtors by presenting clear and convincing evidence to the contrary.

Pursuant to 11 U.S.C. §362(c)(3)(B), the Bankruptcy Court may extend the automatic stay only after notice and a hearing completed before the expiration of the 30 day period after the filing of a second bankruptcy case within one year of the dismissal of a previously filed case. If the notice and hearing are not completed within this period, the automatic stay terminates by operation of law pursuant to §362(c)(3)(A). In re Whitaker, 341 B.R. 336 (Bankr. S.D. Ga. 2006); In re Moon, 339 B.R. 668 (Bankr. N.D. Ohio 2006); and In re Ziolkowski, 338 B.R. 543 (Bankr. D. Conn. 2006).

The Debtors filed the instant bankruptcy proceeding on July 8, 2006. The instant motion to extend or impose the automatic stay was filed some 19 days later, on July 27, 2006. Pursuant to the clear language of 11 U.S.C. §362(c)(3)(B), the automatic stay expired by operation of law on August 7, 2006. See: Whitaker, supra at 342; Moon, supra at 670; Ziolkowski, supra at 544. In both Ziolkowski and Moon, the Debtors filed their motion to reimpose the stay simultaneously with their bankruptcy petition. Hearings in both cases were not scheduled until after the expiration of the 30 day period. Both Courts in Moon and Ziolkowski refused to extend the stay, pointing out that the debtors had the ultimate burden to ensure that the motion was timely scheduled for hearing. The Ziolkowski Court noted that, when the debtor's motion was not timely scheduled, debtor's counsel could have simply telephoned the Clerk or filed an emergency motion for an expedited hearing. In the instant case, the Debtors opted not to file their motion simultaneously with their second Chapter 13 bankruptcy petition, but, rather, waited until 11 days prior to the expiration of the 30 day stay to file the instant motion, making it virtually impossible to serve notice and conduct a hearing prior to the expiration of the stay.

In response to the Bank's argument that the automatic stay terminated by operation of law under §362(c)(3)(A), the Debtors argue that this Court can reimpose the stay using its equitable powers under 11 U.S.C. §105, as was done by the Court in In re Whitaker, 341 B.R. 336 (Bankr. S.D. Ga. 2006). In reviewing the Whitaker decision, this Court finds that the facts in Whitaker are clearly distinguishable in that the presumption of a lack of good faith filing was not present

4

in Whitaker as it is in the instant case, and the second bankruptcy plan in the Whitaker case provided for a 100% dividend to unsecured creditors, unlike the Debtors' plan in the instant case. Furthermore, this Court finds that it is in agreement with the decision of In re Jumpp, 344 B.R. 21 (Bankr. D. Mass. 2006), in which the Court found that, although it was sympathetic to the plight of the debtors, the Court could not use its general equitable powers under 11 U.S.C. §105(a) to impose a stay Congress has declared must terminate if the requirements of §362(c)(3) are not met. Based upon the undisputed facts in this matter and the clear language of 11 U.S.C. §362(c)(3)(B), this Court must conclude that the automatic stay as to Creditor, Farmers-Merchants National Bank, expired by operation of law on August 7, 2006, and cannot now be reimposed.

Even had the Court not found that the automatic stay terminated by operation of law, it would have been unable to find that the Debtors had met their burden to establish that the instant Chapter 13 bankruptcy case was filed in good faith. Pursuant to 11 U.S.C. §362(c)(3)(B), a Bankruptcy Court may reimpose the stay only if the movant demonstrates that the filing of the latter case is in good faith as to the creditors to be stayed. See: In re Ellis, 339 B.R. 136 (Bankr. E.D. Pa. 2006); In re Montoya, supra at 315; and In re Charles, supra at 541. In this case, the Debtors do not and cannot dispute that their second Chapter 13 filing was presumptively filed in bad faith as a result of the dismissal of their prior Chapter 13 bankruptcy in which Farmers-Merchants National Bank had filed for and obtained an order lifting the automatic stay for the purposes of foreclosing its liens against the Debtors' residence. See: 11 U.S.C. §362(c)(3)(C)(ii).

In an attempt to rebut the presumption that their instant Chapter 13 bankruptcy petition was not filed in good faith, the Debtors make two main arguments. First, the Debtors argue that their Chapter 13 plan in the instant case was confirmed without objection and that, as such, Creditor, Farmers-Merchants National Bank, is bound by the terms of the confirmed plan and that the confirmed plan has the effect of *res judicata* as to the issue of good faith. While there is no dispute that Farmers-Merchants National Bank did not file an objection to the plan proposed by

5

the Debtors in the instant case, the Court finds that the confirmed plan is not dispositive of the automatic stay issue now before the Court. The Court notes that there is nothing in the confirmation order which addresses the continuation or termination of the automatic stay as to Creditor, Farmers-Merchants National Bank. The stay issue remained pending despite confirmation of the Debtors' Chapter 13 plan, and the Court finds that it was appropriate for the Bank to rely on its pending objection to the continuation of the automatic stay to preserve that issue despite confirmation of the Debtors' Chapter 13 plan. In effect, the Court finds that confirmation of the Debtors' plan was merely binding upon the Bank as to the treatment of its claim in the event of a finding by the Court that the automatic stay should be continued as to the Bank.

Next, the Debtors argue that they have shown that the instant Chapter 13 bankruptcy was filed in good faith based upon their testimony that they are now better able to fund a Chapter 13 plan and that the purpose of the Chapter 13 bankruptcy is to save their home. Citing In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005), the Debtors argue that a Court is more likely to find that a debtor's actions are in good faith when the purpose of those actions is to save an asset. This Court notes that, while the Charles case does indicate that saving an asset is a factor which weighs in favor of the extension of the automatic stay, the Charles case also points out that the essential purpose of a new case cannot be to impose the automatic stay in order to delay a foreclosure, a lawsuit, or other collection activity by a creditor. In the instant case, it is not clear which purpose is being served. As such, the Court cannot find that the Debtors have presented clear and convincing evidence to rebut the presumption of bad faith.

To rebut the presumption of bad faith, the Debtors must provide "clear and convincing evidence" demonstrating that their case was filed in good faith. See: Ellis, supra at 141. "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established," that is "evidence 'so clear, direct and weighty and convincing as to enable the [fact finder] to come to

a clear conviction, without hesitancy, of the truth of the precise facts in issue.'" Ellis, 339 B.R. at 142 (quoting U.S. Fire Ins. Co. v. Royal Ins. Co., 759 Fed.2d 306 (3rd Cir. 1985)).  Numerous factors are used to determine good faith, including the nature of the debt, the timing of the petition, how the debt arose, the debtor's motive in filing the petition, the reason the prior petition was dismissed, any change in debtor's financial circumstances, and whether a plan will be adequately funded.  Additionally, the debtor's actions are considered as to the effect to the creditor, the debtor's treatment of creditors both before and after the petition was filed, and whether the debtor has been forthcoming with the Bankruptcy Court and creditors.  In re Havner, 336 B.R. 98 (Bankr. M.D. N.C. 2006); In re Galanis, 334 B.R. 685 (Bankr. D. Utah 2005); and In re Montoya, supra at 457.  In considering the numerous factors present in this case, the Court has no choice but to conclude that the Debtors have not rebutted the presumption that the instant Chapter 13 bankruptcy was not filed in good faith.  The Debtors' failure to make payments in their previous Chapter 13 case resulted in an erroneous reliance upon the advice of a real estate broker who indicated that refinancing of the debt with Farmers-Merchants National Bank would be completed.  This advice resulted in the Debtors failing to make payments to Farmers-Merchants National Bank as they came due, and further resulted in the Debtors' failure to make payments to their Chapter 13 Trustee.  While it is apparent that the Debtors are earning increased income, the Court notes that, unlike debtors in cases where the stay has been reimposed, the Debtors in this instant case offer only a diminimous dividend to their unsecured creditors.  All in all, considering the totality of circumstances, the Debtors have not met their burden to establish the level of good faith necessary for the Court to impose a continuing stay upon the Creditor, Farmers-Merchants National Bank.

###